DAVID UMBARGER, Respondent, v. PEDRO CHABOYA, Appellant.

No. 2691; November 27, 1871.

Ejectment.—A Valid Confirmation by Decree Concludes All Persons except such as claim under adverse grants, as defined by section 15 of the act of March 3, 1851.

Boundary.—Parol Evidence Should not be Received to Prove a boundary line when the best evidence in point is procurable in the form of an express grant of the land.

APPEAL from Third Judicial District, Santa Clara County.

Thomas Bodley & Wm. Matthews for respondent; S. O. Houghton for appellant.

See Umbarger v. Chaboya, post, p. 765, 49 Cal. 525.

CROCKETT, J.—The demanded premises are included within the concession alleged to have been made by the Mexican authorities to Chaboya; and also within the five hundred acre lot, subsequently granted to him by Dimmick, alcalde of San Jose. It is admitted on all sides that the last-named grant was void, as it clearly was: Redding v. White, 27 Cal. 284. The plaintiffs, who deraign title under Chaboya, rely solely on the concession and on the final decree of the courts of the United States, confirming Chaboya's title as to so much of the land included in the concession as is embraced within the five hundred acre grant by the alcalde.

But the decree of confirmation is assailed on the ground that the United States district court had no jurisdiction to render it. This proposition is founded on the assumption that the court did not undertake to confirm the title under the concession, but only under the Dimmick grant; and it is claimed that it had no jurisdiction to confirm the last-named grant, because: 1st. The special act of Congress did not authorize that grant to be presented for confirmation, and Chaboya did not in fact present it in his petition; 2d. The act of March 3, 1851, required all titles, claimed under a pueblo, to be presented in the name of the pueblo, and not in the name of the claimant; and it is said that the court, for this reason, had no jurisdiction to confirm the Dimmick grant, even though Chaboya had presented his petition for that purpose. It becomes material, therefore, to ascertain whether it was the concession or the Dimmick grant which was confirmed. It appears from the record of the proceedings in the United States district court that the only claim which Chaboya asked to have confirmed, in virtue of the special act of Congress, was that which he asserted under the concession. No reference was made in his petition to the Dimmick grant, nor did he put that grant in evidence, or

offer any proofs in support of it. On the contrary, the Dimmick grant was put in evidence by the district attorney on behalf of the government; and evidence was also introduced tending to show that from the date of the grant Chaboya limited his possession and claim to the five hundred acres included in the grant. The ground taken by the district attorney evidently was, that when the five hundred acres were awarded to Chaboya by the alcalde, he had consented to reduce his claim under the concession from two leagues to five hundred acres; and had thereafter abandoned all claim to the residue, and limited his possession to the tract awarded by the alcalde. The Dimmick grant was put in evidence, not for the purpose of showing title in Chaboya, but as evidence that he had abandoned all claim to the residue, and had consented to a reduction of his limits to that extent. It may also, possibly, have been offered to show that the fact of his accepting the five hundred acre grant was evidence tending to prove that no valid concession had been made to him. But there is nothing in the record to indicate that Chaboya relied upon the Dimmick grant as a muniment of the title, which he sought to have confirmed. Nor did the court so 1 at it in the decree of confirmation. On the contrary, the only claim adjudicated was that asserted under the concession; and the court rejected the whole claim, "except for a tract of five hundred acres of land, being the same five hundred acres allotted to the said Pedro Chaboya by the authorities of San Jose and accepted by him, which said tract of five hundred acres is hereby confirmed to the said Pedro Chaboya." This tract was confirmed to him, not because the alcalde's grant conferred any title, but because, on accepting that grant, Chaboya had relinquished all claim to the residue of the tract included in the concession, and the grant was referred to in the decree only for the purpose of identifying the particular five hundred acres, the title to which was confirmed. But the decree was founded on the concession and not on the Dimmick grant, which had no other effect than to limit the quantity of land to which Chaboya was entitled under the concession to the five hundred acres which he had consented to accept in lieu of the original quantity of two leagues, to which he would otherwise have been entitled. It is obvious that the district and supreme courts of the United

States decided the cause on this theory, and had no intention whatever to confirm the claim in virtue of the Dimmick grant.

The decree of confirmation is therefore valid, and is conclusive upon all persons whomsoever, unless it be third persons claiming under adverse grants as defined in section 15 of the act of March 3, 1851. The defendants deraign title under the city of San Jose, and claim to be such third persons. There appears to have been confirmed to the city of San Jose a large body of land, within certain exterior limits which include the premises in controversy. But on the face of the decree of confirmation, there is excepted from its operation the lands included within certain specified grants, "and also such other parcels of land as have by grants from lawful authority vested in private proprietorship or have been finally confirmed to parties claiming under said grants by the tribunals of the United States, or shall hereafter be finally confirmed to parties claiming thereunder by said tribunals, in proceedings now pending therein for that purpose." The claim of Chaboya comes fully within the letter and spirit of the exception; and the five hundred acre tract confirmed to him was not confirmed to the city. There is no conflict between the confirmation to the city and that to Chaboya; and both decrees having become final, they are conclusive as between these parties.

There was therefore no error in excluding the decree of confirmation to the city, when offered in evidence by the defendants. If admitted, it would not have benefited them. Nor did the court err in excluding parol evidence tending to show the admissions of Antonio Chaboya, to the effect that the western line of his rancho did not extend to the Coyote creek. The best evidence of the true location of that line were the deseño, grant, and final location under the decree of confirmation. These showed the creek to be the western boundary of the ranch, and it was not competent to contradict them by parol. Several other rulings, and a portion of the charge of the court to the jury are assigned as error; but I discover no error in them, and deem it unnecessary to notice them more particularly.

Judgment affirmed.

We concur: Wallace, J.; Temple, J.